COMMANDER AIRCRAFT
COMPANY, Petitioner,

v.

FEDERAL AVIATION
ADMINISTRATION,
Respondent.

No. 01–1043.

United States Court of Appeals,
District of Columbia Circuit.

Sept. 12, 2001.

Before STEPHEN F. WILLIAMS,
SENTELLE, and TATEL, Circuit Judges.

PETITION FOR REVIEW OF AN OR-
DER OF THE FEDERAL AVIA-
TION ADMINISTRATION

PER CURIAM.

*JUDGMENT*

This petition for review of an order of
the Federal Aviation Administration was
considered on the briefs and appendix filed
by the parties. The court has determined
that the issues presented occasion no need
for an opinion. *See* Fed. R.App. P. 36;
D.C.Cir. Rule 36(b). It is

ORDERED AND ADJUDGED
that the petition for review be denied.
The FAA's decision was not arbitrary, ca-
pricious, an abuse of discretion, or other-
wise contrary to law. *See Chritton v.
NTSB,* 888 F.2d 854, 856 (D.C.Cir.1989).
There is substantial evidence in the record
to support FAA's conclusion that the ex-
haust clamp on Commander 114TC air-
craft constituted an "unsafe condition" and
that the condition existed or could develop
on other Commander Model 114TC air-
planes. *See Throckmorton v. NTSB,* 963
F.2d 441, 444 (D.C.Cir.1992). Petitioner
has not shown that FAA failed to consider
evidence in the record that indicated the
presence of the same failures on other
aircraft. Finally, FAA did not abuse its
discretion in determining that because the
clamp detachment presented an unsafe
condition, good cause existed for issuing
the Airworthiness Directive without prior
notice and public comment. *See* 5 U.S.C.

**4**

§ 553(b). Even assuming FAA failed to show good cause for dispensing with notice and opportunity for prior comment, petitioner has not shown prejudice from the alleged error. *See* 5 U.S.C. § 706.

The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.